D. N. Corporation *v.* McCloskey et al., Appellants.

Argued October 7, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*T. K. Saylor,* City Solicitor, with him *Phillip N. Shettig, Francis A. Dunn* and *Friedjoff D. Tappert,* for appellants.

*Frank P. Barnhart,* with him *Samuel R. DiFrancesco,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 28, 1932:

This is a companion case of D. N. Corporation v. Galvan B. Roudabush, in which the opinion is handed down herewith. A suit in equity was brought by the plaintiff against the mayor and council of the City of Johnstown to enjoin them from cancelling the award to plaintiff of the contract therein considered, and from making an award to any other bidder. The court entered a decree enjoining the city council from cancelling the contract.

Apart from the fact that the contract was not executed by the city and that equity seldom, if ever, enjoins a deliberative discretionary body such as a city council in relation to an unexecuted contract, leaving aggrieved parties to their remedy at law, for reasons stated in the preceding cases: that the so-called guarantee was not an absolute one, that plaintiff had not complied with the specifications by submitting a list of furnaces similar to that proposed to be furnished, because there was an overreaching and hoodwinking by plaintiff of a majority of the members of city council, and bidders were not on an equality of knowledge of what the proposed contract was to comprehend, and for the further reason that the specifications gave city council the right to cancel the award,—the court below erred in enjoining them from doing so. Section 19 of the specifications provides: "Cancellation of award. The city council reserves the right to cancel the award of any contract at any time before the execution of the same and before its approval as to form and legality by the city solicitor of the City of Johnstown, Pa." The contract had not been executed by the city when council was about to exercise its reserved right to cancel. The court was powerless to interfere with their action in view of the quoted provision of the specifications under which plaintiff had submitted its bid.

The decree of the court below is reversed and the bill is dismissed at appellee's cost.